458 So.2d 1292 (1984)
Faye D. DURHAM
v.
LOUISIANA STATE RACING COMMISSION.
No. 84-CA-1535.
Supreme Court of Louisiana.
November 26, 1984.
Rehearing Denied January 4, 1985.
*1293 William J. Guste, Jr., Atty. Gen., Robert A. Barnett, Staff Atty., John E. Jackson, Jr., Asst. Atty. Gen., for defendant-appellant.
*1294 Mary Olive Pierson, Cooper, Thompson & Pierson, Baton Rouge, for plaintiff-appellee.
WATSON, Justice.
Faye D. Durham's 1983-1984 Louisiana licenses as an owner and trainer of racehorses were suspended because her husband's license as a trainer had been suspended. After a court challenge, her licenses were ordered reinstated. Durham v. La.State Racing Com'n., 449 So.2d 475 (La., 1984).
Since the racing year begins on July 1, Ms. Durham applied for new 1984-1985 licenses on June 28, 1984. Because her husband was still suspended, the Louisiana State Racing Commission refused to issue the licenses. Ms. Durham obtained injunctive and declaratory relief. LSA-R.S. 4:1506(10)[1] and LAC-11-6:25.18[2] were declared unconstitutional and this appeal followed.[3]
The constitutionality of LSA-R.S. 4:150B(10) and LAC-11-6:25.18 was pretermitted in the prior Durham appeal, because those laws relate to a license application, not a suspension or revocation. The issue is now squarely presented; Mrs. Durham challenges the constitutionality of LSA-R.S. 4:150B(10) and LAC-11-6:25.18 as a deprivation of equal protection and due process.

EQUAL PROTECTION
Mrs. Durham alleges discrimination on the basis of marital status.
Married persons have not historically suffered from discrimination or needed protection from the majority. As a group, their size and diversity militate against any claim that they are a suspect class to which a strict scrutiny analysis applies. See San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). However, strict scrutiny applies when a classification burdens a fundamental right, and Mrs. Durham claims that the Racing Commission infringes on the fundamental right to marry.
While marriage is a fundamental right, all state regulations impeding marriage are not invalid under the Equal Protection Clause. Compare Zablocki v. Redhail, 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978). A social security rule that terminates disability benefits upon marriage is constitutional because marital status is a relevant factor in determining dependency. Since the rule does not directly interfere with an individual's right to marry, it is not invalid "simply because some persons who might otherwise have married were deterred by the rule or because some who did marry were burdened thereby." Califano v. Jobst, 434 U.S. 47 at 54, 98 S.Ct. 95 at 99, 54 L.Ed.2d 228 at 235 (1977). Similarly, the "marriage penalty" in the federal scheme of income taxation is valid because it is only an indirect obstacle to marriage. Druker v. C.I.R., 697 F.2d 46 (2d Cir., 1982). Since LSA-R.S. 4:150B(10) and LAC-11-6:25.18 do not directly infringe upon Mrs. Durham's fundamental right to contract a valid marriage, a strict scrutiny analysis is not required.
Marital status is relevant in determining eligibility for a horse racing license, because of the likelihood that one spouse may aid another in circumventing sanctions imposed by the Racing Commission. In a community property state like Louisiana, both spouses generally have an interest in *1295 any horses owned by either. The challenged regulations are designed to protect the public from those who have actively violated any of the horse racing laws by preventing them from continuing their activities under the cloak of a spouse's license. Thus, imposing sanctions based on marital status helps to maintain the integrity of a licensed business which provides substantial state revenue but is regarded with scepticism by the general public.

DUE PROCESS
For a business or occupational regulation to be valid under the Due Process Clause, the regulation must have a rational relationship to a legitimate state interest.
Within its police powers, a state may do what is reasonably necessary to protect the health, safety and morals of its citizens. Mugler v. Kansas, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205 (1887); City of Shreveport v. Curry, 357 So.2d 1078 (1978). Like many other states, Louisiana could totally ban horse racing, because it involves gambling, an activity generally prohibited as immoral. Louisiana has a genuine and legitimate interest in regulating horse racing. Barry v. Barchi, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979). LSA-R.S. 4:150B(1) and LAC-11-6:25.18 are based on a valid state interest.
In Lewitus v. Colwell, 479 F.Supp. 439 (Md., 1979) a racehorse owner was denied an owner's license because his trainer had been banned from several tracks and had a bad reputation in horse racing circles. The owner, like Ms. Durham, was not guilty of any personal misconduct. He was denied a license solely because of his association with someone who had acted illegally. Lewitus held that there was no violation of substantive due process.
Similarly, LSA-R.S. 4:150B(10) and LAC-11-6:25.18 meet the requirements of substantive due process. Since it involves legalized gambling, the state has broad powers of regulation. The laws in question are a reasonable implementation of those powers which protect the public's confidence in horse racing.
There is no violation of procedural due process because Mrs. Durham had no protected property interest in the benefits conferred by a license she did not actually hold. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); LaBauve v. Louisiana Wildlife & Fisheries Com'n, 444 F.Supp. 1370 (E.D.La., 1978). Absent a protected property interest, Ms. Durham was not entitled to notice and a hearing before denial of her application. Board of Regents v. Roth, supra.
The legislature and the Racing Commission acted within their broad constitutional and statutory powers in providing for the denial of plaintiff's licenses; the trial court erred in holding LSA-R.S. 4:150B(10) and LAC-11-6:25.18 unconstitutional.[4]
For the foregoing reasons, the judgment of the trial court is reversed and plaintiff's petition is dismissed.
REVERSED.
DIXON, C.J., concurs.
DENNIS and LEMMON, JJ., dissent.
NOTES
[1] LSA-R.S. 4:150B(10) provides in pertinent part:

"Applicants for a license under this section shall meet the following qualifications and conditions:
* * * * * *
"(10) Is not the spouse of a person whose application has been denied or whose license has been revoked, unless judicially separated or divorced."
[2] One of the Rules of Racing, LAC-11-6:25.18 provides in pertinent part:

"... No entry shall be accepted from a husband or wife while either is disqualified...."
LSA-R.S. 4:152A(3) allows the Racing Commission to refuse licenses for any "Violation of the Rules of Racing."
[3] LSA-Const.1974, Art. V, § 5(D).
[4] In connection with the first Durham appeal, the author reached a contrary conclusion. 449 So.2d at 479. That initial impression was erroneous.